**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN DIOR COUTURE, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-02142<br><br>**Chief Judge Virginia M. Kendall**<br><br>**Magistrate Judge M. David Weisman** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Christian Dior Couture, S.A. ("Plaintiff" or "Dior") requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be

apprised of the pendency of this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store. Gaudio Declaration at ¶ 3. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as PayPal, Amazon, eBay, and TikTok when registering their account. *Id.* E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. *Id.* However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. *Id.* Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. *Id.* As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendants. *Id.*

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers

ACT. *See* 15 U.S.C. § 45f. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at *3 (N.D. Ill. Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are all residents of China, Hong Kong, or Vietnam. The People's Republic of China and Vietnam are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Gaudio Declaration at ¶ 4.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id.* United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See, e.g.*, *Peanuts Worldwide LLC v. P'ships, et al.,* 347 F.R.D. 316, 329 (N.D. Ill. 2024) ("Accordingly, the court concludes that Plaintiff was not required to exhaust the option of service under the Convention before seeking alternative service under Rule 4(f)(3)); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *Cricut, Inc. v. Shanghai Sishun E-Commerce Co., Ltd.*, 2025 U.S. Dist. LEXIS 87564, at *5 (D. Utah May 7, 2025)

("Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)."); *see also Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5–7 (N.D. Cal. Apr. 17, 2007) (same); *NBA Properties, Inc. v. P'ships, et al.*, 549 F. Supp. 3d 790, 797 (N.D. Ill. 2021) (same); *aff'd on other grounds*, 46 F.4th 614 (7th Cir. 2022). The Hague Convention also does not preclude service by e-mail. Gaudio Declaration at ¶ 4. *See, e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by e-mail is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Furthermore, the plain language of Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *See* Fed. R. Civ. P. 4(f)(3). The majority of Circuit Courts that have considered this issue agree that Rule 4(f) is not hierarchical. *Rio Props.*, 284 F.3d at 1014 (holding that alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely . . . [t]his argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."); *AngioDynamics, Inc. v. Biolitec AG.*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require

exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email."); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010); *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015); *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries OPEC*, 766 F.3d 74, 81-82 (D.C. Cir. 2014); *cf. Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293-94 (10th Cir. 2020).

Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods ..." because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiff to serve the Defendants via electronic publication and e-mail.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated this 27th day of February 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
habes@gbc.law

*Counsel for Plaintiff Christian Dior Couture, S.A.*