**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN DIOR COUTURE, S.A., | |
| Plaintiff, | Case No. 26-cv-02142 |
| v. | **Chief Judge Virginia M. Kendall** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge M. David Weisman** |
| Defendants. | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO ANSWER [42]**

Plaintiff Christian Dior Couture, S.A. ("Plaintiff") hereby moves this Honorable Court to strike Defendant DAFORERAL's (Def. No. 1) ("Defendant") Motion for Extension of Time to Answer [42] (the "Motion").

The Motion was filed *pro se* by "DAFORERAL" who purports to be the Defendant. [42]. The Motion was signed by "DAFOREAL," and it is not clear whether this is an entity or individual. "DAFORERAL" is not a lawyer licensed to practice before this Court.[1] *See* [42]. Defendant's online marketplace, hosted by Amazon.com, Inc., shows that Defendant is a business entity with a name that is not "DAFORERAL." *See* Figure 1, *infra*. This information was filed as part of Plaintiff's Exhibit 2 to the Declaration of Nicolas Lambert. *See* [18-1] at 4-6.

---

[1] Defendant's Motion, filed March 24, 2026, claims Defendant "was recently notified of this action" and "requires additional time to understand the U.S. legal process and coordinate communications." [42]. However, on March 7, 2026, Plaintiff was contacted by a U.S. attorney seeking settlement who claimed to represent Defendant.



*Figure 1*

Based on the above, Defendant is a business entity. Therefore, it is "not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citations omitted). Even if

2

"DAFORERAL" is the owner or authorized representative of the entity, Defendant still needs to be represented by counsel licensed to practice before this Court. *United States v. Certain Real Property,* 381 F. Supp. 3d 1007, 1009 (E.D. Wisc. 2018) (granting motion to strike claim filed by an authorized representative of a corporation because it is not a proper pleading filed by an attorney of record for a party"); *CamelBak Products, LLC v. The P'ships, et al*., No. 20-cv-01542 (N.D. Ill. Aug. 31, 2020) (Docket No. 35) (striking motion filed by a person that had "not entered an appearance and is neither a member of the general bar of this court nor has sought admittance pro hac vice, as required by Local Rule 83.12").

Further, the Seventh Circuit has recently confirmed that corporations, including entities operated by a single individual, must litigate only through counsel. *See COSRX Inc. v. FDPR Home Harmony*, No. 25 CV 3038 at [17], (7th Circ. Jan. 29, 2026) ("[Appellant] does not claim to be an attorney but asserts only that [Appellant] has no office or 'operational activities,' it is not registered in the United States, and all business is conducted by him. But even a single-member company or single-owner corporation may litigate only through counsel"). Such an entity is treated as a company or corporation under United States law notwithstanding foreign business law, and "[e]ither type of entity must litigate through counsel." *Id.* (citing *Sunny Handicraft (H.K.) Ltd. v. Envision This! LLC*, 66 F.4th 1094, 1097 (7th Cir. 2023)).

Accordingly, Plaintiff respectfully requests the Court strike Defendant's Motion [42] because the business entity is not properly represented by an attorney of record. Permitting an organized business entity to proceed as a *pro se* defendant without the assistance of counsel burdens the Court and prejudices Plaintiff.

3

Dated this 25th day of March 2026.        Respectfully submitted,

/s/ Jennifer V. Nacht
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
habes@gbc.law

*Counsel for Plaintiff Christian Dior Couture, S.A.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the below e-mail address:

happysu1996@gmail.com

/s/ Jennifer V. Nacht
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
habes@gbc.law

*Counsel for Plaintiff Christian Dior Couture, S.A.*

5